IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICIA M. KOZAK and
BRIAN D. KOZAK
          *Plaintiffs*

v.

EDWARD J. KLIKUSZEWSKI and
BARLOW TRUCKING LINES
          *Defendants*

CIVIL ACTION NO.:

JURY TRIAL DEMANDED

## CIVIL ACTION COMPLAINT

AND NOW comes the Plaintiffs, Patricia M. Kozak and Brian D. Kozak, by and through their attorneys, Rehmeyer & Allatt LLC, and avers as follows:

## PARTIES

1.      Plaintiff, Patricia M. Kozak, is an adult individual residing at 136 Tanite Road, Stroudsburg, Pennsylvania 18360.

2.      Plaintiff, Brian D. Kozak, is an adult individual residing at 136 Tanite Road, Stroudsburg, Pennsylvania 18360.

3.      At all times material hereto, Patrica and Brian Kozak were married.

4.      Defendant, Barlow Trucking Lines, upon information and belief, is a corporation with a principal place of business located at 1305 SE Grand Dd Highway, Faucett, MO 64448.

5.      Defendant, Edward J. Klikuszewki, upon information and belief, is an adult individual with a last known address of 4557 W. 84th PL Chicago, IL 60652.

6.      At all times relevant to this action, Plaintiff, Brian Kozak was operating a black 2013 Chevrolet Suburban (hereinafter referred to as "Suburban").

7.      At all times relevant to this action, Plaintiff, Patricia Kozak was a passenger in the

Suburban.

8.      At all times relevant to this action, Defendant Klikuszewki was the operator of Barlow Trucking Lines 2015 Kenworth Northwest a commercial truck bearing license plate no.: 82AP7X and attached to a Barlow Trucking Lines semi-trailer bearing tag no.: 09F6HB.

9.      At all times relevant to this action, the 2015 Kenworth Northwest commercial truck and semi-trailer was owned and operated by Defendant Barlow Trucking Lines.

10.     At all times relevant to this action, Defendant Klikuszewki was acting as a servant, agent, workman, employee, representative and/or otherwise within the course and scope of his employment of Defendant Barlow Trucking Lines and was operating the 2015 Kenworth Northwest commercial truck and semi-trailer with the express knowledge and permission of Defendant Barlow Trucking Lines.

11.     At all times relevant to this action and based upon information and belief, Defendant Barlow Trucking Lines acted as a motor carrier of the load being transported at the time of the crash.

12.     At all times relevant to this action, Defendant Barlow Trucking Lines and Defendant Klikuszewki held themselves out as competent, skilled, licensed and registered in accordance with the Federal Motor Carrier Regulations.

## FACTUAL ALLEGATIONS

13.     Plaintiffs incorporates all previous paragraphs as though same were set forth at length herein.

14.     On December 18, 2019 Defendant Klikuszewki was traveling west in the right-hand lane of Interstate 80 in White Deer Township, Union County, Pennsylvania.

15.     At or near the same time, Plaintiffs were traveling west on Interstate 80 in White

Deer Township, Union County, Pennsylvania.

16.     Prior to impact, a snow squall passed through the area causing traffic on Interstate 80 to slow in the area of mile marker 202 and 203.

17.     Thereafter, Defendant Klikuszewki without proper visual confirmation, merged into the left-hand lane of Interstate 80, struck and hooked Plaintiffs' Suburban to the Defendant Barlow Trucking Lines semi-trailer and drag Plaintiffs' Suburban down Interstate 80.

18.     Plaintiffs' Suburban then crashed into another disabled vehicle in the median of Interstate 80.

19.     Based upon information and belief, Defendant Klikuszewki was operating the 2015 Kenworth Northwest commercial truck and semi-trailer too fast for conditions and in an erratic, reckless and otherwise in a careless manner.

20.     Defendant Barlow Trucking Lines retained, hired, contracted and agreed with Defendant Klikuszewki to haul the load at the time of the crash.

21.      Upon information and belief, Defendant Barlow Trucking Lines negligently, carelessly and otherwise recklessly selected Defendant Klikuszewki to transport its loads.

22.     At all times material herein, Defendant Klikuszewki was an authorized driver of Defendant Barlow Trucking Lines, and as such, was required to comply with all applicable state and federal safety regulations, including the commercial driver's license (CDL) standards, the Vehicle Code and the Federal Motor Carrier Safety Regulations (FMCSR), which address critical aspects of commercial driving performance and identify the specific knowledge and skills necessary for commercial drivers to perform their work in a safe and legal manner on the roadways.

23.     At all times material herein, Defendant Klikuszewki was acting within the course

and scope of his employment with Defendant Barlow Trucking Lines.

24.     At all times material herein, Defendant Klikuszewki did not follow the standards of care set forth in the CDL, the Vehicle Code and the FMSCR.

25.     The failure of Defendant Klikuszewki to comply with the CDL, the Vehicle Code and FMSCR increased the risk of harm to Plaintiffs and was the direct and proximate cause of the December 18, 2019 crash that injured Plaintiffs.

26.     Defendant Barlow Trucking Lines knew or should have known that Defendant Klikuszewki was incompetent, careless and reckless driver.

27.     Based on the facts of this wreck, it appears that Defendant Klikuszewki was fatigued, driving in violation of the hours-of-service regulations and/or distracted.

28.     Defendant Barlow Trucking Lines knew or should have known that Defendant Klikuszewki was driving fatigued, in violation of the hours-of-service regulations and/or was driving distracted.

29.     As a result of the Defendants conduct, Plaintiffs sustained substantial, life-altering injuries.

## COUNT I
*Plaintiffs v. Defendant Klikuszewki*

30.     Plaintiffs incorporate all previous paragraphs as though same were set forth at length herein.

31.     At all times material hereto, Defendant Klikuszewki was an authorized driver of Defendant Barlow Trucking Lines, was acting within the course and scope of his employment with Defendant Barlow Trucking Lines and was operating the 2015 Kenworth Northwest commercial truck and semi-trailer with the express knowledge and permission of Defendant Barlow Trucking Lines.

32.     Plaintiffs reasonably relied upon Defendant Klikuszewki to operate the 2015 Kenworth Northwest commercial truck and semi-trailer safely so as not injure members of the motoring public, which included Plaintiffs on December 18, 2019.

33.     Defendant Klikuszewki was under the highest duty of care to operate the 2015 Kenworth Northwest commercial truck and semi-trailer in a safe manner so as to not injure the motoring public, which included Plaintiffs.

34.     Defendant Klikuszewki chose to ignore common sense ordinary care, the Federal Motor Carrier Safety Regulation safety standards and the Vehicle Code by operating the 2015 Kenworth Northwest commercial truck and semi-trailer in a careless, negligent and otherwise reckless manner in choosing to drive too fast for conditions and in an erratic, reckless and otherwise careless manner.

35.     Plaintiffs in no manner caused and/or contributed to the happening of the December 18, 2019 crash.

36.     As a commercial motor vehicle operator, Defendant Klikuszewki was required to comply with all applicable safety regulations in the operation and control of the 2015 Kenworth Northwest commercial truck and semi-trailer on December 18, 2019.

37.     At all times relevant hereto, Defendant Klikuszewki was subject to and required to obey the minimum safety standards established and set forth in the Federal Motor Carrier Safety Regulations (FMSCR), 49 CFR §§ 300-399, either directly and/or adopted by the Pennsylvania Department of Transportation Safety Regulations.

38.     The Federal Motor Carrier Safety Agency (FMCSA) enacted the FMSCR as specified in 49 CFR §383.1 to protect the motoring public, which included Plaintiffs, by reducing and/or preventing commercial truck crashes, fatalities and injuries by requiring

commercial driver's to possess certain skills and knowledge; requiring commercial driver to pass a commercial motor license test and obtain a commercial motor vehicle license and to disqualify commercial drivers who operate commercial motor vehicles in an unsafe manner.

39.    49 CFR §392.1 requires every commercial driver to comply with the rules of 49 CFR §392 relating to the driving of commercial motor vehicles.

40.    49 CFR §383.113 establishes the required skills that all commercial drivers must possess including vehicle pre-trip inspection skills; testing of vehicles; basic vehicle control skills and safe on-road driving skills.

41.    Upon information and belief, Defendant Klikuszewki in violation of 49 CFR §383.113(c) lacked the safe road driving skills which was the direct and proximate cause of the December 18, 2019 crash and Plaintiff's resultant injuries.

42.    Defendant Klikuszewki's violations of the FMSCR constitutes *negligence per se* which increased the likelihood of a crash and increased the risk of harm to the motoring public, which included Plaintiffs.

43.    49 CFR §392.2 requires that every commercial motor vehicle must be operated in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated thereby incorporating the Pennsylvania Vehicle Code.

44.    The December 18, 2019 crash and all injuries and damages sustained by Plaintiffs are the direct and proximate result of the careless, negligent and otherwise reckless manner in which Defendant Klikuszewki operated the 2015 Kenworth Northwest commercial truck and semi-trailer including:

   a.  Choosing to operate the 2015 Kenworth Northwest commercial truck and semi-trailer in an unsafe and unreasonable manner;

b.  Ignoring common sense ordinary care in traveling at unsafe speed;

c.  Ignoring common sense ordinary care in executing an improper and unsafe lane change without proper visual perception;

d.  Ignoring common sense ordinary care in executing an improper and unsafe lane change without proper space management;

e.  Choosing to operate the 2015 Kenworth Northwest commercial truck and semi-trailer without sufficient control so as to avoid crashing into Plaintiffs' Suburban;

f.  Failing to maintain an assured clear distance ahead;

g.  Driving the 2015 Kenworth Northwest commercial truck and semi-trailer at an unsafe speed for conditions then existing on the roadway;

h.  Failing to keep a proper lookout, failing to reasonably judge the closeness of other vehicles and failing to execute a safe and prudent lane change;

i.  Failing to use proper visual search methods to identify and evaluate the surrounding traffic conditions as required by 49 CFR §383.111;

j.  Failing to accurately observe existing traffic conditions;

k.  Failing to yield the right of way when Plaintiffs' Suburban was already lawfully occupying the left-hand lane of travel on I-80;

l.  Failing to use proper speed and space management techniques consistent with 49 CFR §383.111;

m.  Operating the 2015 Kenworth Northwest commercial truck and semi-trailer in violation of the minimum safety standards, including the FMSCR and the Pennsylvania Vehicle Code;

n.  Failing to use proper speed and space management techniques consistent with 49 CFR §383.111;

o.  Failing to maintain proper and adequate control of the 2015 Kenworth Northwest commercial truck and semi-trailer in order to avoid crashing into Plaintiffs;

p.  Driving carelessly in violation of the Pennsylvania Vehicle Code;

q.  Failing to exercise due care and caution under all of the existing circumstances;

r.  Failing to remain alert;

s.  Failing to make necessary and reasonable observations while operating the 2015 Kenworth Northwest commercial truck and semi-trailer;

t.  Violating 49 CFR §383 dealing with required knowledge and skill of commercial vehicle operators; and

u.  Violating both the written and unwritten policies, rules, guidelines and regulations of Defendants;

45.  Defendant Klikuszewski's conduct constituted negligence and gross negligence.

46.  As a direct and proximate result of Defendant Klikuszewski's carelessness, recklessness, negligence and breaches of the duties of care as noted above, Plaintiffs suffered past, present and future injuries and damages, some or all of which may be permanent in nature, including:

a.  pain;

b.  suffering;

c.  inconvenience;

d. embarrassment;

e. mental anguish;

f. loss of mobility;

g. inability to perform daily living activities;

h. past, present and future medical expenses as a result of undergoing and needing to undergo medical care and treatment;

i. impairment of general health;

j. loss of strength and vitality;

k. loss of the enjoyment of life's pleasures; and

l. loss of the feeling of well-being, worry, anxiety, apprehension and frustration.

47.     As a result of the aforesaid injuries, Plaintiffs as of the time of the filing of this Complaint have required treatment from and continues to require treatment for the aforesaid injuries and the natural consequences thereof.

48.     All of the treatment for Plaintiffs' injuries and the natural consequences thereof, has been deemed reasonable and necessary.

49.     The December 18, 2019 crash and Plaintiffs' resultant injuries and damages were caused by the aforesaid acts and/or failure to act on the part of Defendant Klikuszewki.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court enter judgement in their favor and against Defendants, Edward J. Klikuszewki and Barlow Trucking Lines in an amount in excess of $75,000.00, together with punitive damages, interest, costs, and all damages available under the laws of this Commonwealth.

## COUNT II
*Plaintiffs v. Defendant, Barlow Trucking Lines*

50.     Plaintiffs incorporate all previous paragraphs as though same were set forth at length herein.

51.     At all times material hereto, Defendant Klikuszewki was an authorized driver of Defendant Barlow Trucking Lines and was acting within the course and scope of his employment with Defendant Barlow Trucking Lines and was operating the 2015 Kenworth Northwest commercial truck and semi-trailer with the express knowledge and permission of Defendant Barlow Trucking Lines.

52.     At all times material hereto, Defendant Barlow Trucking Lines had the authority and obligation to control their respective agents and/or employees, including Defendant Klikuszewki, and to direct how their agents and/or employees fulfilled their duties, and at all times the 2015 Kenworth Northwest commercial truck and semi-trailer being operated by Defendant Klikuszewski.

53.     As an interstate motor carrier under the regulatory authority of Title 49 of the CFR and the FMCSR, Defendant Barlow Trucking Lines assumes full responsibility for the conduct of Defendant Klikuszewki on December 18, 2019.

54.     As a direct and proximate result of the negligence and other liability producing conduct of Defendant Klikuszewki as more fully set forth in Count I of this Complaint and the vicarious liability of Defendant Barlow Trucking Lines, Plaintiffs suffered past, present and future injuries and damages, some or all of which may be permanent in nature, including:

   a. physical injuries;

   b. surgical intervention;

   c. pain;

d.  suffering;

e.  inconvenience;

f.  embarrassment;

g.  mental anguish;

h.  loss of mobility;

i.  inability to perform daily living activities;

j.  past, present and future medical expenses as a result of undergoing and needing to undergo medical care and treatment;

k.  impairment of general health;

l.  loss of strength and vitality;

m.  loss of the pleasures and enjoyment of life; and

n.  loss of the feeling of well-being, worry, anxiety, apprehension and frustration.

55.     Defendant Barlow Trucking Lines as Defendant Klikuszewski's employer is liable for the negligence and other liability producing conduct of Defendant Klikuszewki and is liable for all of the harm and damages sustained by Plaintiffs.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court enter judgement in their favor and against Defendants, Edward J. Klikuszewki and Barlow Trucking Lines in an amount in excess of $75,000.00, together with punitive damages, interest, costs, and all damages available under the laws of this Commonwealth.

## COUNT III
*Plaintiffs v. Defendant, Barlow Trucking Lines*

56.     Plaintiffs incorporate all previous paragraphs as though same were set forth at length herein.

57.     At all times material hereto, Defendant Barlow Trucking Lines owed the motoring public, which included Plaintiffs, a duty to ensure that it hired commercial drivers who exhibited traits, habits, characteristics and behaviors consistent with care, safety and competency.

58.     At all times material hereto, Defendant Barlow Trucking Lines owed the motoring public, which included Plaintiffs, a duty to ensure that it was not retaining drivers who exhibit unsafe habits, traits, characteristics and behaviors while operating its commercial trucks and semi-trailers.

59.     Upon information and belief, prior to December 18, 2019 crash, Defendant Klikuszewki exhibited habits, traits, characteristics and/or behaviors that were inconsistent with carefulness, safety and competency and Defendant Barlow Trucking Lines was aware and/or should have been aware of such unsafe habits, traits, characteristics and/or behaviors of Defendant Klikuszewki.

60.     Upon information and belief, prior to December 18, 2019, Defendant Barlow Trucking Lines was aware or should have been aware of Defendant Klikuszewki's carelessness, incompetency and/or other unsafe habits, traits, characteristics and behaviors, yet Defendant Barlow Trucking Lines continued to entrust its 2015 Kenworth Northwest commercial truck and semi-trailer to Defendant Klikuszewski.

61.     At all times material hereto, Defendant Barlow Trucking Lines owed the motoring public, which included Plaintiffs, a duty to ensure that drivers of its commercial trucks were properly trained and supervised to operate their commercial trucks safely upon the roadways in

accordance with federal motor vehicle carrier policies and procedures, as well as the

Pennsylvania Vehicle Code and FMCSR.

62.    Upon information and belief and as may be disclosed in discovery, Defendant

Barlow Trucking Lines failed to adequately qualify, train and/or supervise its commercial motor

vehicle drivers, specifically Defendant Klikuszewski, as to the requirements of Federal Motor

Carrier Safety Regulations, 49 CFR §392; 49 CFR §383.111; 49 CFR §383.113; 49 CFR

§391.21; 49 CFR §391.11; 49 CFR §391.23; 49 CFR §390.3; 382.301; 49 CFR §391.31.

63.    At all relevant times material hereto, Defendant Barlow Trucking Lines was

authorized by the Department of Transportation (DOT) to operate as a private motor carrier and

therefore was required to obey the minimum safety standards established and set forth through

49 CFR §§ 300-399 of the FMSCR, either directly or as adopted by the Commonwealth of

Pennsylvania.

64.    Defendant Barlow Trucking Lines. was required by federal regulation to instruct

its commercial drivers, which included Defendant Klikuszewski, regarding compliance with all

applicable regulations, including CDL standards relating to the safe operation of commercial

trucks.

65.    Defendant Barlow Trucking Lines had reason to know or should have known by

the exercise of reasonable common-sense ordinary care about the risks set forth in this Complaint

and that by simply exercising reasonable common-sense ordinary care, these risks would be

reduced or eliminated.  These risks included but are not limited to:

      a.    The risks associated with unsafe drivers;

      b.    The risks associated with hiring commercial truck drivers, who are not

             qualified and/or not capable of being alert, safe, careful and competent

commercial truck drivers;

c.    Retaining commercial truck drivers, specifically Defendant Klikuszewski, who it knew, or reasonably should have known, was not alert, safe, careful and competent to operate and/or permitted to continue to operate commercial trucks;

d.    The risks associated with failing to supervise and monitor commercial truck drivers, specifically Defendant Klikuszewski, to ensure that he is an alert, safe, careful and competent commercial truck driver in compliance with the FMSCR;

e.    The risks associated with failing to train drivers to obey the FMCSR;

f.    The risks associated with failing to train drivers to follow minimum safety driving standards for commercial drivers;

g.    Failing to properly train commercial truck drivers, specifically Defendant Klikuszewski as to the laws, regulations and safety policies pertaining to commercial motor vehicle drivers, including the commercial driver's license standards and the Vehicle Code;

h.    Entrusting Defendant Klikuszewski with driving its commercial truck and transporting cargo, with knowledge of Defendant Klikuszewski's carelessness, incompetence, and/or unsafe driving habits;

i.    The risk associated with failing to have adequate safety policies and procedures in place with respect to the operation of its commercial trucks and semi-trailer;

j.      Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of Barlow Trucking Lines;

k.      Failing to monitor and/or regulate its drivers' actions;

l.      Failing to monitor and/or regulate its drivers' hours;

m.      Failing to have an auditing system in place to audit its drivers' logs, or such system was in place, failing to utilize the system properly;

n.      Failing to use a third-party vendor to audit their drivers' logs, or if such third-party vendor was used, failing to use it appropriately;

o.      Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

p.      Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

q.      Failing to act upon and remedy known violations of industry standards;

r.      Failing to implement comprehensive safety programs for its drivers to prevent commercial motor vehicle crashes and failing to provide such driver training to Defendant Klikuszewski to avoid crashes;

s.      Failing to conduct a post-crash investigation to determine the December 18, 2019 crash's root cause and implement sufficient disciplinary and/or correction action to prevent reoccurrence of such crashes; and

t.      Failing to have effective policies, procedures, practices, and programs in place to comply with applicable federal and state regulations.

66.    Defendant Barlow Trucking Lines action in failing to adquately qualify, train

and/or supervise its commercial motor vehicle drivers, specifically Defendant Klikuszewski, was at all times material hereto careless, negligent, reckless, grossly negligent and/or otherwise recklessly indifferent to the safety of the motoring public, which included Plaintiffs.

67.     Defendant Barlow Trucking Lines at all times material hereto consciously appreciated the substantial risk of harm as a commercial trucking comany to the motoring public, which included Plaintiffs, in placing a commerical driver on the roadway who was not propely qualified, trained and/or supervised.

68.     Defendant Barlow Trucking Lines as a commercial trucking company, and subject to the regulatory authority of the FMCSA, appreciated the very real risk of serious and/or catastrophic injury to the motoring public, wich included Plaintiffs, in placing a driver on the roadway who was unqualied, untrained and/or unsupervised while operating one of its commercial trucks.

69.     Defendant Barlow Trucking Lines conscious decision not to qualify, train and/or supervise its commercial motor vehicle drivers, specifically Defendant Klikuszewski, and its knowledge of its duty to do so created an unreasonable risk of serious physical harm to the motoring public, which included Plaintiffs.

70.     By placing a commerical driver on the roadway, specifically Defendant Klikuszewski, who is unqualified, untrained, and/or unsupervised created an unjustifiable risk of harm to the motoring public, which included Plaintiffs, for which Defendant Barlow Trucking Lines was well aware.

71.     The December 18, 2019 crash and the resultant injuries and damages as set forth herein were caused by and were the direct and proximate result of the careless, negligent, grossly negligent, reckless, willful, wanton and/or reckless indifference to the safety of the motoring

public, which included Plaintiffs, of Defendant Barlow Trucking Lines.

72.     Defendant Barlow Trucking Lines was negligent in its entrustment of its 2015 Kenworth Northwest commercial truck and semi-trailer to Defendant Klikuszewski, when it knew, or reasonably should have known, that he was not capable of being alert, safe, careful and competent to operate its 2015 Kenworth Northwest commercial truck and semi-trailer.

73.     Defendant Barlow Trucking Lines was negligent in its custody and control of its 2015 Kenworth Northwest commercial truck and semi-trailer in violation of the FMCSR §393.25; §393.26; §393.11, which consituted *negligence per se*.

74.     As a direct and proximate result of Defenant Barlow Trucking Lines careless, negligent, reckless, willful, wanton and/or reckless indifference Plaintiffs suffered past, present and future injuries and damages, some or all of which may be permanent in nature, including:

     a. physical injuries;

     b. surgical intervention;

     c. pain;

     d. suffering;

     e. inconvenience;

     f. embarrassment;

     g. mental anguish;

     h. loss of mobility;

     i. inability to perform daily living activities;

     j. past, present and future medical expenses as a result of undergoing and needing to undergo medical care and treatment;

     k. impairment of general health;

   l. loss of strength and vitality;

   m. loss of the pleasures and enjoyment of life; and

   n. loss of the feeling of well-being, worry, anxiety, apprehension and frustration.

  **WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court enter judgement in their favor and against Defendants, Edward J. Klikuszewki and Barlow Trucking Lines in an amount in excess of $75,000.00, together with punitive damages, interest, costs, and all damages available under the laws of this Commonwealth.

## COUNT IV
*Plaintiff, Patricia M. Kozak v. Defendants, Edward Klikuszewki and Barlow Trucking Lines*

  75. Plaintiffs incorporates all previous paragraphs as though same were set forth at length herein.

  76. At all times material hereto, Plaintiff, Patricia Kozak, was the wife of Plaintiff, Brian Kozak.

  77. As a direct and proximate result of the breaches of Defendant Klikuszewki and Defendant Barlow Trucking Lines' respective duties, actions and/or inactions and the resultant aforementioned injuries sustained by Plaintiff, Brian Kozak, Plaintiff, Patricia Kozak, has been and may in the future be deprived of the care, companionship, consortium and society of her husband, all of which will be to her great detriment and loss.

  **WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court enter judgement in their favor and against Defendants, Edward J. Klikuszewki and Barlow Trucking Lines in an amount in excess of $75,000.00, together with punitive damages, interest, costs, and all damages available under the laws of this Commonwealth.

## COUNT V

*Plaintiff, Brian D. Kozak v. Defendants, Edward Klikuszewki and Barlow Trucking Lines*

78.     Plaintiffs incorporates all previous paragraphs as though same were set forth at length herein.

79.     At all times material hereto, Plaintiff, Brian Kozak, was the husband of Plaintiff, Patricia Kozak.

80.     As a direct and proximate result of the breaches of Defendant Klikuszewki and Defendant Barlow Trucking Lines' respective duties, actions and/or inactions and the resultant aforementioned injuries sustained by Plaintiff, Patricia Kozak, Plaintiff, Brian Kozak, has been and may in the future be deprived of the care, companionship, consortium and society of his wife, all of which will be to her great detriment and loss.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court enter judgement in their favor and against Defendants, Edward J. Klikuszewki and Barlow Trucking Lines in an amount in excess of $75,000.00, together with punitive damages, interest, costs, and all damages available under the laws of this Commonwealth.

Respectfully Submitted,

**REHMEYER & ALLATT LLC**

Date: <u>September 17, 2021</u>          By:

_____
Andrew R. Rehmeyer, Esquire
*Attorney for Plaintiffs*