IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA M. KOZAK and BRIAN D. KOZAK,<br><br>  Plaintiffs,<br><br>  v.<br><br>EDWARD J. KLIKUSZEWSKI and BARLOW TRUCKING LINES,<br><br>  Defendants. | No. 4:21-CV-01609<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**APRIL 20, 2022**

Edward Klikuszewski and Barlow Trucking Lines have moved to dismiss parts of Patricia and Brian Kozaks' Complaint, which alleges that Klikuszewski and Barlow Trucking's negligent and reckless conduct caused the parties' car accident. The Kozaks' Complaint, like many others in this area of law, bumps up against the outer bounds of our modern pleading standard. But for the reasons detailed below, it is sufficient. The Defendants' motion is therefore denied.

**I.   THE ALLEGED FACTS**

On December 18, 2019, Patricia and Brian Kozak were traveling west on Interstate 80 in White Deer Township, Pennsylvania.[1] When traffic slowed due to

---

[1]   Doc. 1 ¶¶ 15–16.

snow squall, Edward Klikuszewski, who was driving a semi-trailer for Barlow Trucking Lines, merged into their lane, hooking their Chevy Suburban, and dragging it until it crashed into a disabled vehicle in the median—which left the couple with substantial, life-threatening injuries.[2] The Kozaks allege that this accident occurred because the ill-trained and ill-supervised Klikuszewski was distracted, traveling too fast for conditions, and driving while fatigued in violation of federal hours-of-service regulations.[3]

## II.   THE MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." Following the landmark decisions *Bell Atl. Corp. v. Twombly*[4] and *Ashcroft v. Iqbal*,[5] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] In its assessment, the Court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[7] Still, "the tenet that a court must accept as true all of

---

[2]   *Id.* ¶¶ 17–18, 29.
[3]   *Id.* ¶¶ 26–28.
[4]   550 U.S. 544 (2007).
[5]   556 U.S. 662 (2009).
[6]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[7]   *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

the allegations contained in the complaint is inapplicable to legal conclusions."[8] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[9]

### III.   ANALYSIS

#### A.   The Kozaks' Recklessness and Punitive Damages Claims

Barlow Trucking and Klikuszewski first move to dismiss the Kozaks' claim for punitive damages and to strike their allegations of conduct exceeding mere negligence.[10] Relying on the various pleading standard cases and *Elmi v. Kornilenko*,[11] the Defendants contend that the Kozaks' allegations of willful, wanton, or reckless conduct is conclusory, devoid of factual support, and inadequate to support a claim for punitive damages.[12] As "[r]eckless claims in tort suits are, in a way, claims for punitive damages," I will consider these assertions together.[13]

---

[8]   *Iqbal*, 556 U.S. at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[9]   *Iqbal*, 556 U.S. at 678.

[10]   Doc. 6 at 5–7, 10–12. The Defendants brief only the 12(b)(6) standard, *see id.* at 3–5; so throughout, I assume that they use "strike" colloquially, rather than as a motion to strike under Federal Rule of Civil Procedure 12(f), an infrequently used device that is "not favored and [which] usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Hay v. Somerset Area Sch. Dist.*, 2017 WL 2829700, at *3 (W.D. Pa. June 29, 2017) (quoting *Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437, 443 (W.D. Pa. 2010)).

[11]   2018 WL 1157966 (W.D. Pa. Mar. 2, 2018).

[12]   Doc. 6 at 8, 11–12.

[13]   *Maturo v. Pugh*, 2020 WL 4015240, at *2 (E.D. Pa. July 16, 2020) (citing *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)).

The fate of these twin claims depends on the defendant's state of mind. To warrant punitive damages, plaintiffs must show that the defendant's conduct was "outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others";[14] and this in turn requires showing that the defendant acted or intentionally failed to act, creating an "unreasonable risk of physical harm to another."[15] Because of this initially unknowable quality's centrality to these claims, it has been the practice of this Court and "the weight of authority in our circuit" to refrain from dismissing them at the pleading stage.[16]

I see no reason to depart from this approach here.[17] The Defendants' motion to dismiss the Kozaks' claim for punitive damages and strike the allegations of conduct exceeding negligence is therefore denied.

---

[14] *Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) (citing *Feld*, 485 A.2d at 747).
[15] *Id.*
[16] *Maturo*, 2020 WL 4015240, at *2; *see also Stahlnbecker v. Morris*, 2019 WL 3003415 (M.D. Pa. July 10, 2019); *Alexander v. W. Express*, 2019 WL 6339907 (M.D. Pa. Oct. 18, 2019) (Carlson, M.J.); *Kerlin v. Howard*, 2018 WL 4051702 (M.D. Pa. Aug. 24, 2018); *Wydra v. Bah*, 2016 WL 297709 (M.D. Pa. Jan. 22, 2016) (Conaboy, J.); *Cobb v. Nye*, 2014 WL 7067578 (M.D. Pa. Dec. 12, 2014).
[17] Barlow Trucking and Klikuszewski argue that I ought to apply the stricter approach adopted in *Elmi v. Kornilenko*, 2018 WL 1157996 (W.D. Pa. Mar. 2, 2018), which found that plaintiffs must do more than assert recklessness when their pleadings evidence no more than negligence. *Id.* at *5 ("Pennsylvania law requires 'something more' than negligence . . . . [And] Elmi's Complaint alleging nothing more than a failure to safely pass another lacks the 'something more' necessary to state a claim of punitive damages."). Whether this approach takes hold remains to be seen. But I'll note that *Elmi*'s application here would not change the outcome because the case notes that this "something more" may include fatigued driving. *Id.* at *4 (citing *Darden-Munsell v. Dutch Maid Logistics*, 2011 WL 3325863 (W.D. Pa. July 13, 2011) and *Logue v. Logano Trucking Co.*, 921 F. Supp. 1425, 1428 (E.D. Pa. 1996)). No doubt aware of this lesson, the Kozaks' have pleaded that Klikuszewski "was fatigued, driving in violation of the hours-of-service regulations and/or distracted"—of which they further allege Barlow Trucking was aware. Doc. 1 ¶¶ 27–28. I am not unsympathetic to the Defendants'

### B. The Kozaks' Negligence Per Se Claims Based on Alleged Violations of the Federal Motor Carrier Safety Regulations

Barlow Trucking and Klikuszewski also move to dismiss the Kozaks' claims that they violated the Federal Motor Carrier Safety Regulations Act. In making out negligence per se claims under this Act, the Kozaks assert that Klikuszewski lacked requisite skills, was tired, had driven too many hours, and failed to follow basic rules of the road—deficiencies that Barlow Trucking allegedly knew, or should have known about, and then corrected.[18] The Defendants argue that these allegations are simply conclusions.[19] But the Kozaks have done enough. They allege facts showing that the truck's lane merger violated the statute; and their further assertions that Klikuszewski, through the negligence of his employer, was undertrained and overworked have as much of a basis as any plaintiff could have at this early stage in the litigation. As a result, the Defendants' motion on this ground is denied as well.

### IV. CONCLUSION

It is more likely than not that the Kozaks' case against Barlow Trucking and Klikuszewski amounts to nothing more than negligence. But at this pre-discovery stage, it is too soon to prevent the Kozaks from trying to uncover something more.

---

plight; regardless of approach, it seems that garden-variety negligence cases will be saddled with unwarranted claims for punitive damages. But the fact remains, some at first ordinary cases are undergirded by serious wrongdoing that warrants punitive damages. And it is better that these claims rise or fall on the facts discovery reveals, rather than on plaintiffs' assertions about a defendants' then-unknowable state of mind.

[18] *See* Doc. 1 ¶¶ 39, 40, 44, 62, 63, 65.
[19] Doc. 6 at 10.

- 6 -

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge