UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA M. KOZAK, *et al.*, | : | CIVIL NO. 4:21-CV-01609 |
| | : | |
| Plaintiffs, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| EDWARD J. KLIKUSZEWSKI, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**I. Introduction.**

Patricia M. Kozak ("Patricia") and Brian D. Kozak ("Brian") (collectively "the Kozaks") bring the instant suit against Edward J. Klikuszewski ("Klikuszewski") and his employer, Barlow Trucking Lines ("Barlow"), based on a motor vehicle collision. According to the Kozaks, their car collided with the tractor-trailer Klikuszewski was driving. Trial in this matter is set to begin on December 16, 2025. Currently pending are five motions in limine. For the reasons set forth below, we will deny four of the motions in limine and grant the remaining motion in limine.

## II. Background and Procedural History.

On September 17, 2021, the Kozaks began this action by filing a complaint over which we have diversity jurisdiction. *Doc. 1*; *see also* 28 U.S.C. § 1332. Much has happened over the four years since this case was first filed in this court. The below is a summary of only what is relevant for our purposes today.

The Kozaks allege that on December 18, 2019, during a snow squall, Klikuszewski, driving a tractor-trailer pursuant to his employment with Barlow, struck and hooked the Kozaks' car and dragged it down Interstate 80. *Doc. 1*. The Kozaks allege "substantial, life-altering injuries" as a result. *Id.* The complaint lays out five counts based on this incident: (1) Count I against Klikuszewski for negligence and recklessness and for negligence per se based on violations of the Federal Motor Carrier Safety Regulations ("FMCSR"); (2) Count II against Barlow for vicarious liability; (3) Count III against Barlow for negligent supervision; (4) Count IV against both defendants for Patricia's loss of consortium; and (5) Count V against both defendants for Brian's loss of consortium. *Doc. 1*.

After being served, the defendants filed a partial motion to dismiss, which then-presiding Chief Judge Brann denied. *Docs. 5, 6, 7, 9, 10*. The parties then filed an answer to the complaint. *Doc. 11*. Later, the parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *Doc. 15*. We set case management deadlines, which were

extended multiple times as a result of discovery disputes and for settlement discussions. *Docs. 20, 30, 34, 38, 41, 51*.

After close of discovery, the defendants filed a motion for partial summary judgment, which we granted in part and denied in part.[1] *Docs. 53, 54, 55, 61, 62*. Thus, the following claims remain for trial: (1) Count I against Klikuszewski for negligence, recklessness, and negligence per se based on violation of 49 C.F.R. § 392.14 regarding hazardous conditions; (2) Count II against Barlow for vicarious liability; (3) Count III against Barlow for negligent supervision; and (4) Counts IV and V which contain claims for loss of consortium brought by each plaintiff against both of the defendants. *Docs. 1, 61, 62*.

Pursuant to our pretrial order, motions in limine were due on or before September 15, 2025. *Doc. 65*. The defendants filed five motions in limine and briefs in support thereof. *Docs. 66–75*. The Kozaks filed briefs in opposition to each motion. *Docs. 76–80*. The time for filing reply briefs has passed, and the motions are thus ripe for review.

---

[1] In their partial motion for summary judgment, the defendants argued that they were entitled to summary judgment on the Kozaks' claims that defendants were reckless, claims for punitive damages, and claims that the defendants violated the FMCSR. *Doc. 53*. After considering the defendants' arguments and the Kozaks' counter arguments, we granted the partial motion for summary judgment only in part. *Doc. 61*. Specifically, we granted summary judgment on the Kozaks' claims that the defendants violated the hours-of-service regulations and training and knowledge requirements under the FMCSR. *Id.* But we denied the motion in all other respects. *Docs. 61, 62*.

## III.  Standard of Review.

Generally, "a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).  "A court may exercise its discretion to rule in limine on evidentiary issues 'in appropriate cases.'" *Wilson v. Mahally*, No. 3:18-CV-1637, 2023 WL 8528661, at *1 (M.D. Pa. Dec. 8, 2023) (quoting *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)).  "Nevertheless, a 'trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds.'" *Id*. (quoting *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017)).

"Further, while motions *in limine* may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions 'if the context of trial would provide clarity.'" *Tobin v. Cherry*, No. 1:20-CV-02320, 2022 WL 18028150, at *2 (M.D. Pa. Dec. 30, 2022) (quoting *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012)).  "Finally, it is important to note that '*in limine* rulings are not binding on the trial judge, and the judge may always change [her] mind during the course of the trial.'"

*Bird v. Borough of Moosic*, No. 3:18-CV-02289, 2022 WL 584072, at *2 (M.D. Pa. Feb. 25, 2022) (quoting *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000)).

**IV. Discussion.**

Our jurisdiction over this case is based on diversity. *See* 28 U.S.C. § 1332. "Federal diversity jurisdiction provides an alternative forum for the adjudication of state-created rights, but it does not carry with it generation of rules of substantive law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 426 (1996). Accordingly, "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Id.*

Here, the defendants cite to Pennsylvania procedural law in their motions in limine. *See doc. 67* (citing Pennsylvania rules and case law regarding bifurcation); *doc. 70* (citing the Pennsylvania Rules of Evidence regarding the exclusion of evidence); *but see doc. 75* (citing the Federal Rules of Evidence regarding relevancy). But federal procedural law applies where, like here, the court sits in diversity. *See Gasperini*, 518 U.S. at 426. Thus, we will apply federal procedural law herein.

### A. Motion in Limine to Bifurcate.

In their first motion in limine, the defendants seek to bifurcate the issues of liability and damages at trial ("bifurcation motion in limine"). *Doc. 66*. They argue that "[s]eparating the issues of liability and damages will allow the jury's deliberations to focus on the facts and legal issues pertaining to liability for the multi-vehicle collision, rather than feeling sympathy for [the Kozaks] and the potential prejudice against the Defendants." *Doc. 67* at 5. The defendants also argue that "bifurcation accomplishes the goal of judicial economy and serves to convenience the Court." *Id.* The defendants cite Pennsylvania caselaw to support these arguments. *Id.* at 3–6.

The Kozaks direct our attention to Federal Rule of Civil Procedure 42(b) to govern our bifurcation decision. *Doc. 87* at 3. They cite to cases in this district in which the court denied motions for trifurcation and noted the complexity of the issue of fault, whether extensive injury caused undue prejudice, and whether "such a procedure would create needless waste of the court's time and resources." *Id.* at 3–5. Confusingly, the Kozaks specifically argue that "trifurcation of the proceedings on the issue of liability, compensatory damages and punitive damages[,]" "would greatly complicate, confuse, and unduly delay resolution of this matter." *Id.* at 6. But, as the Kozaks acknowledge, the defendants have not sought such relief in their bifurcation motion in limine. *Id.* Nevertheless, the

6

Kozaks conclude it is "likely" that the defendants are seeking trifurcation rather than bifurcation. *Id.*

Under Federal Rule of Civil Procedure 42(b),[2] a court may "order a separate trial of one or more separate issues for convenience, to avoid prejudice, or to expedite and economize." *Wolking v. Lindner*, NO. 3:23-CV-806, 2025 WL 1106080, *1 (M.D. Pa. Apr. 14, 2025). "The court has wide latitude in deciding whether to" bifurcate proceedings. *Griffith v. Allstate Ins. Co.*, 90 F.Supp.3d 344, 346 (M.D. Pa. 2014). "In determining whether bifurcation is appropriate, the court considers four factors: (1) 'whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the nonmoving party would be prejudiced by bifurcation; and (4) whether the moving party would be prejudiced if bifurcation is not granted.'" *Wolking*, 2025 WL 1106080 at *1 (quoting *Griffith*, 90 F.Supp.3d at 346).

As to whether the issues the defendants seek to bifurcate—namely, liability and damages—are "significantly different from each other," *Wolking*, 2025 WL 1106080 at *1, the defendants make only a passing reference to cases "where liability and damages issues are not interwoven[.]" *Doc. 67* at 4. Neither the

---

[2] We apply federal procedural law to the question of bifurcation in this diversity case. *Cf Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990) (finding that Fed. R. Civ. P. 42(b) governs motions to bifurcate in diversity cases).

defendants nor the Kozaks elaborate on the liability and damages issues here and how they differ.  Similarly, neither the defendants nor the Kozaks provide any argument regarding whether the liability and damages phases of this trial would require separate witnesses or documents. *See docs. 67, 76*.  The defendants also do not address whether the Kozaks would be prejudiced by bifurcation. *See doc. 67*.  The Kozaks, however, argue that trifurcating—which they presume the defendants are seeking—"would greatly complicate, confuse, and unduly delay resolution of this matter." *Doc. 76* at 6.

Finally, we consider whether the defendants would be prejudiced if we do not grant bifurcation. The defendants argue that the jury could be "tainted" "through sympathy occasioned by knowledge of the severity of the injury." *Doc. 67* at 4.  The defendants cite Pennsylvania court decisions that posit that plaintiffs may resist bifurcation because they "desire to garner sympathy from the jury in establishing liability by use of damage evidence." *Id.* at 5.  In sum, the defendants seek bifurcation "to ensure that the jury will not base its decision regarding liability on feelings of sympathy for [the Kozaks]." *Id.* at 6.  The Kozaks, pointing to federal case law, counterargue that even serious injury does not automatically qualify as undue prejudice against a defendant. *Doc. 76* at 6.

The Third Circuit has stated—albeit in an unpublished decision—that "[b]ifurcating a trial into separate liability and damages sections is the exception,

not the rule." *Sweigart v. Voyager Trucking Corp.*, No. 23-2397, 2024 WL 3565306, *3 (3d Cir. July 29, 2024). Moreover, the Third Circuit declined "to hold that a trial court abuses its discretion in denying bifurcation just because a case involves serious personal injuries" because to do so would be to "flip the presumption against bifurcation on its head" and "require courts to grant bifurcation any time a case involved serious personal injuries." *Id.* We are thus not required to bifurcate this trial based on the Kozaks' injuries alone. And upon reviewing the parties' arguments and the circumstances of the instant case, we find that proper jury instructions will be sufficient to avoid any possible prejudice to the defendants.

Accordingly, we will deny the bifurcation motion in limine.

### B. Motion in Limine to Preclude Allegations of Reckless, Recklessly Indifferent, and Grossly Negligent Conduct.

In the defendants' second motion in limine the defendants seek "to preclude evidence of reckless, recklessly indifferent, grossly negligent conduct, or" evidence that they "acted with wanton and willful indifference" and claims for punitive damages (because all of this evidence goes to the punitive damages claims, we will hereafter refer to this motion in limine as the "punitive damages motion in limine"). *Docs. 68, 69*. The defendants argue that the Kozaks have "failed to procure evidence that [the] Defendants knowingly operated a tractor

9

trailer in a dangerous manner, knew or had reason to know that their actions created a high degree of risk, deliberately proceeded in disregard of known risks, or were indifferent to any known risks." *Doc. 69* at 5. Ultimately, citing Pennsylvania substantive law, the defendants argue that the Kozaks "have failed to plead sufficient facts which would entitle them to punitive damages." *Id.* Thus, the defendants assert that the Kozaks' claims for punitive damages "should be dismissed with prejudice[.]" *Id.* at 3.

In their brief in opposition, the Kozaks counterargue that "this Court has already determined that there is sufficient evidence to allow a jury to reasonably conclude that [the] Defendants' conduct rose to the level for which punitive damages may be awarded[.]" *Doc. 78* at 1–2. The Kozaks argue that "the Law of the Case Doctrine precludes" "relitigating issues that were resolved earlier in the litigation." *Id.* at 2–3. The Kozaks further argue that "evidence of [the] Defendants' reckless conduct, wanton conduct and reckless indifference is crucially relevant to the factual elements for which Plaintiffs must prove in order to support an award of punitive damages." *Id.* at 7.

"Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1069 (3d Cir.

1990) (citing *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1985)). Here, the defendants are explicitly asking for us to dismiss certain claims with prejudice via a motion in limine—claims we have already addressed in our decision on the partial motion for summary judgment. *Docs. 61, 62.* Accordingly, for the same reasons we denied the defendants' summary judgment motion insofar as it sought summary judgment on the Kozaks' claims for punitive damages, we will also deny this motion in limine.[3] *Cf Cote v. Schnell Industries*, No. 4:18-CV-01440, 2022 WL 16815032, *14 (M.D. Pa. Nov. 8, 2022) ("Although motions for summary judgment and motions *in limine* serve different functions, the instant motion seeks the same relief based on the same factual record as Schnell's

---

[3] To the extent the defendants invite us to reconsider our summary judgment decision via this motion in limine, we also deny this invitation. The Third Circuit "has recognized several 'extraordinary circumstances' that warrant a court's reconsideration of an issue decided earlier in the course of litigation." *Pub. Int. Rsch. Grp. Of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116–17 (3d Cir. 1997). Those extraordinary circumstances "include situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Id.* at 117. The defendants do not argue that any of these situations are present here. *See docs. 69, 69.* And we do not find any such extraordinary circumstances apply. Accordingly, we will not reconsider our earlier decision regarding punitive damages. Because the Kozaks' punitive damages remain, we also will not bar the Kozaks from bringing evidence of allegedly reckless, recklessly indifferent, or grossly negligent conduct before the jury.

appropriately filed (if ultimately unsuccessful) motion for summary judgment. Accordingly, just as Schnell's summary judgment motion failed, so to[o] must this motion *in limine*.").

In sum, we will deny the defendants' punitive damages motion in limine.

### C.  Motion in Limine to Preclude the Kozaks from Referring to Klikuszewski as a "Professional Driver."[4]

In their third motion in limine, the defendants seek to preclude the Kozaks from referring to Klikuszewski as a "professional driver" during trial (the "professional driver motion in limine"). *Doc. 70.* The defendants argue that under Pennsylvania substantive law "there is no professional standard of care for a driver of a tractor-trailer[,]" so "[t]here is no valid reason . . . for the [Kozaks] to use the term 'professional driver' at trial." *Doc. 71 at 2.* The defendants go even further,

---

[4] In support of their argument in this motion in limine (*doc. 71* at 2), the defendants cite Pennsylvania Rule of Evidence 403, which gives the court leeway to "exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Pa. R.E. 403. The Kozaks, however, cite to the corresponding Federal Rule of Evidence in their brief in opposition. *See doc. 80 at 3.* As discussed above, in diversity cases such as the instant case, we apply state substantive law and federal procedural law. We thus will apply Federal Rule of Evidence 403 both here and at trial. *Cf Schulz v. Celotex Corp.*, 942 F.2d 204, 209 (3d Cir. 1991) (applying Fed. R.E. 403 in a diversity case).

arguing that "[t]he sole reason to use the term would be to cause unfair prejudice to [the] defendant[s], confuse the issues, or mislead the jury." *Id.* at 2.

In their brief in opposition, the Kozaks state that they "do not intend to refer to . . . Klikuszewski as a professional driver." *Doc. 80* at 2. They provide no further argument why they should be able to refer to Klikuszewski as a professional driver if they so choose. Accordingly, we will grant the professional driver motion in limine as unopposed.

The Kozaks also argue, however, that "evidence of Mr. Klikuszewski's training and experience is admissible to show that he subjectively appreciated the risk of harm involved in failing to operate the Barlow trailer with extreme caution in hazardous weather conditions." *Id.* at 3. We will not decide whether such evidence is admissible at this juncture, however, because we do not construe the professional driver motion in limine as requesting that we exclude the evidence the Kozaks describe. The parties should be prepared to discuss at the pretrial conference whether, after conferring about the issue, there remains a dispute about the evidence identified in the Kozaks' brief in opposition to the professional driver motion in limine (*doc. 80* at 3–4).

13

**D. Motion in Limine to Preclude Corporate Negligence Claims against Barlow.**

In their fourth motion in limine, the defendants seek to preclude corporate negligence claims against Barlow (the "corporate negligence claims motion in limine"). *Doc. 72*. The defendants assert that "there is zero evidence that the corporation[, Barlow,] was solely negligent in any manner as it relates to this incident." *Doc. 73* at 2. Instead, the defendants argue "[s]hould a jury determine the driver acted in a negligent manner, then the corporation would be liable under the theory of *respondeat superior*." *Id.* (citing *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36 (Pa. Super. 2000)). The defendants further argue that Pennsylvania law does not "allow for claims for negligent entrustment, supervision and hiring when an employer defendant concedes an agency relationship with the co-defendant agent." *Id.* (citing *Fortunato v. May*, No. 04-1140, 2009 WL 703393 (W.D. Pa. Mar. 16, 2009)).

In their brief in opposition, the Kozaks argue that they not only have "sufficient evidence for a jury to conclude that Barlow was reckless in its hiring and retention of Mr. Klikuszewski" but also that courts do permit negligent entrustment claims where punitive damages claims are also brought. *Doc. 77* at 2–3.

"[A] majority of courts have dismissed claims for negligent supervision and negligent hiring when a supervisor defendant concedes an agency relationship with

14

the co-defendant." *Thomas v. Orozco-Pineda*, NO. 3:24-cv-288, 2025 WL 2809346, *8 (M.D. Pa. Sept. 30, 2025). But "[t]hese courts have recognized an exception to this rule where there are viable claims for punitive damages against the supervisor defendant." *Id.* In other words, where, as here, there are punitive damages against a supervisor, negligent supervision, hiring, and entrustment claims may proceed.

We note that the defendants cite a Western District case, *Fortunato v. May*, 2009 WL 703393, for the proposition that "[a]s a general rule, courts have dismissed claims for negligent supervision and negligent hiring when a supervisor defendant concedes an agency relationship with the co-defendant." *See doc. 73* at 2. But the very next sentences of that opinion acknowledge the relevant exception:

> The courts have recognized an exception to this rule when a plaintiff has made punitive damages claims against the supervisor defendant. In such a case, the plaintiff can not receive complete relief based upon the primary defendant's negligence, and must also assert a separate negligence claim against the supervisor.

*Id.* at *5. It is unclear whether the defendants simply did not read the remaining paragraph of the authority they cited or if they intended for the negligent entrustment claims motion in limine to be contingent on the granting of their punitive damages claims motion in limine. Giving the defendants the benefit of the doubt, we note that because we denied their punitive damages motion in limine, we will also deny their corporate negligence claims motion in limine.

### E.  Motion in Limine to Exclude Evidence of Klikuszewski's Prior Citations and Accidents.

In their fifth and final motion in limine the defendants seek to exclude evidence of Klikuszewski's prior traffic citations and accidents (the "citations and accidents motion in limine"). *Doc. 74*.  The defendants argue that Klikuszewski's prior accidents or citations "are completely irrelevant to the jury's determination of whether [ ] he is liable for the accident and injuries at issue." *Doc. 75* at 2.  Further, according to the defendants, "summary and minor traffic offenses are not admissible in subsequent civil proceedings as evidence of facts underlying the conviction."[5] *Id.*  Finally, the defendants assert that "[t]he only purpose of admitting" evidence of Klikuszewski's prior accidents and citations "is to cause Defendants prejudice and confuse the jury." *Id.* at 3.

The Kozaks argue that Federal Rule of Evidence 404(b)(2) "permits the introduction of evidence concerning other crimes, wrongs or acts when such evidence may be admissible for another purpose[.]" *Doc. 79* at 3.  The Kozaks assert that evidence of Klikuszewski's prior citations and accidents while operating a tractor trailer "is being offered to establish [the Kozaks'] direct claims of

---

[5] We note that the Kozaks do not appear to intend to produce evidence of Klikuszewski's prior accidents or traffic citations at trial as evidence of the facts underlying those convictions.  Instead, the Kozaks assert that they intend to produce evidence of Klikuszewski's prior accidents or traffic citations to show what information about Klikuszewski's driving record was available to Barlow upon the hiring of Klikuszewski. *Doc. 79* at 5–6.

negligent hiring, retention, entrustment and reckless conduct on the part of Barlow." *Id.* at 5.  In fact, according to the Kozaks, "[i]n order to support a finding of direct liability by the jury against Barlow, [the Kozaks] are required to produce" evidence that Barlow was negligent in hiring, retaining, and entrusting its tractor trailer to Klikuszewski—for example, that he had pre-existing accidents or traffic citations. *Id.* at 5–6.  The Kozaks propose that any concerns of prejudicial impact of the evidence of Klikuszewski's prior accidents or traffic citations could be assuaged by charging the jury "on the limited purpose for which the evidence is being introduced." *Id.* at 6.

Pursuant to Fed. R. E. 402 and 403,[6] relevant evidence—in other words, evidence which "has any tendency to make a fact" that is "of consequence in determining the action" "more or less probable than it would be without the evidence"—is generally admissible.  But "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. E. 403.  Further, under Fed. R. E. 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a

---

[6] The parties both correctly identify that we will apply the Federal Rules of Evidence when deciding whether to exclude evidence of Klikuszewski's prior traffic citations and accidents.

particular occasion the person acted in accordance with the character." But under Fed. R. E. 404(b) evidence of other crimes, wrongs, or acts "may be admissible for another purpose, such as proving[,]" among other things, "knowledge[.]" Fed. R. E. 404(b). "In order to admit evidence under Rule 404(b), a court must be able to articulate a way in which the tendered evidence logically tends to establish or refute a material fact in issue, and that chain of logic must include no link involving an inference that a bad person is disposed to do bad acts." *Knecht v. Balanescu*, NO. 4:16-CV-00549, 2017 WL 4883198, *7 (M.D. Pa. Oct. 30, 2017) (citing *Government of the Virgin Islands v. Pinney*, 967 F.2d 912, 915 (3d Cir. 1992)).

The Third Circuit has set forth a "four-prong test to determine the admissibility of" evidence of other crimes, wrongs, or acts: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the [district] court must charge the jury to consider the evidence only for the limited purpose for which it was admitted." *Becker v. ARCO Chemical Co.*, 207 F.3d 176, 189 (3d Cir. 2000) (internal quotation marks omitted) (alteration in original). Here, the evidence of Klikuszewski's past traffic citations and accidents is relevant to the Kozaks' claims against Barlow for negligent hiring, retention, and entrustment. The evidence also has a proper purpose under Fed. R. E. 404(b)—

namely, to show what information Barlow had about Klikuszewski's driving record prior to the accident. And the probative value of the evidence for its proper purpose outweighs any prejudicial effect—especially when any prejudicial effect of admitting the evidence is mitigated by a charge to the jury to consider the evidence only for that limited, proper purpose.

Accordingly, we will deny the citations and accidents motion in limine. The parties shall be prepared to discuss proposed mitigating jury instructions at our pretrial conference.

**IV. Conclusion.**

For the reasons set forth above, we will grant the professional driver motion in limine (*doc. 70*). We will deny the remaining four motions in limine (*docs. 66, 68, 72, 74*). We also expect the parties to be prepared to discuss at our pretrial conference (1) whether, after conferring about the issue, there remains a dispute about the evidence identified in the Kozaks' brief in opposition to the professional driver motion in limine (*doc. 80* at 3–4); and (2) proposed mitigating jury instructions regarding the evidence described in the citations and accidents motion in limine (*doc. 74*). An appropriate order follows.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
